In the Matter of **B.H.B., INC. d/b/a Dick's Pool Sales, Debtor.**

William **PINEO, Trustee, Plaintiff,**

v.

**HAWK'S NEST, INC., et al., Defendants.**

Bankruptcy No. 81–00347.
Adv. No. 81–0425.

United States Bankruptcy Court,
W.D. Pennsylvania.

June 26, 1985.

---

William Pineo, Meadville, Pa., trustee.

Robert S. Bailey, Meadville, Pa., for defendant.

Sean F. Creegan, Commonwealth of Pennsylvania, Dept. of Labor and Industry, Office of Unemployment Sec., Bureau of Unemployment Compensation, Harrisburg, Pa., Asst. Counsel.

Barbara Ann Duffy, Commonwealth of Pennsylvania, Dept. of Revenue, Bureau of Sales and Use Tax, Harrisburg, Pa., Asst. Chief Counsel, Compliance Division.

## MEMORANDUM AND ORDER

WM. B. WASHABAUGH, Jr., Bankruptcy Judge.

The within bankruptcy case was filed June 8, 1981 and prior thereto on May 12, 1981 personal property of the debtor was sold by the Sheriff of Crawford County in pursuance of executions thereagainst on an earlier obtained judgment of Hawk's Nest, Inc. issued March 30, April 16, and April 20, 1981. The high bidder at the sale paid $4,500.00 for the equipment and sold it for $5,600.00 less attorney's commissions of $860.00, or $4,740.00 net, and the sheriff's distribution of the $4,500.00 proceeds of sale including payments to the execution plaintiff, Hawk's Nest, Inc. of $130.13 in satisfaction of its judgment, $272.83 to the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Sales and Use Tax, and $677.30 to the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Unemployment Compensation which had filed claims for payment of taxes in said amounts with the sheriff. The plaintiff's action is to recover the above sums totaling $1,080.26 from the respective recipients on the ground that the executions on which the sheriff's sale was held were within ninety days of the filing of the bankruptcy case and the receipt of the above amounts constituted preferential transfers of the debtor's assets avoidable under the provisions of 11 U.S.C. § 547(b) for which he seeks judgment against the respective recipients whom he named as defendants in his suit in the above amounts.

As a judicial lien obtained within ninety days of a bankruptcy petition for an antecedent debt owed by the debtor before such transfer made while the debtor was insolvent is avoidable under 11 U.S.C. § 547(b) (it is no longer "void" as it was under Section 67(c) of the Bankruptcy Act of 1898 as amended but a debtor in a bankruptcy

case is presumed to be insolvent within ninety days before the bankruptcy petition) there is no question but that the trustee is entitled to judgment against the defendant Hawk's Nest, Inc. in the sum of $130.13. However, Section 547(c)(6) provides that the trustee may not avoid a transfer

"that is the fixing of a statutory lien that is not avoidable under Section 545 of this title."

It is provided in Section 545(1)(F) of Title 11 U.S.C. that the trustee may not avoid the fixing of a statutory lien that first becomes effective against the debtor

"(F) at the time of an execution levied at the instance of an entity other than the holder of such statutory lien."

There is no showing that the subject departments of the Commonwealth of Pennsylvania perfected all of their tax liens against the debtor by filings in the Prothonotary's Office as required in most instances by 72 P.S. §§ 1401 and 7242, but it appears said liens are not avoidable under the provisions of 11 U.S.C. §§ 545 and 547 hereinabove quoted and referred to as the executions were levied at the instance of an entity other than the holder of the statutory liens.

It is Ordered that for the foregoing reasons judgment be, and the same hereby is, entered in favor of the Plaintiff, William Pineo, Trustee, against the defendant Hawk's Nest, Inc. and that a copy of this order and said judgment be entered in the records of the United States Bankruptcy Court for the Western District and a certified copy thereof be delivered to the Clerk of the United States District Court in said District, sec. leg.

It is further Ordered that the actions of the trustee against the Commonwealth of Pennsylvania, Department of Revenue, Bureau of Sales and Use Tax and the Commonwealth of Pennsylvania Department of Labor and Industry, Office of Employment Security, Bureau of Unemployment Compensation be, and the same hereby are dismissed and denied.